■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK J. DAUGHERTY, Appellant.— Judgment of the County Court of Broome County, entered upon a verdict, convicting defendant of the crime of robbery in the third degree, affirmed. Appellant attacks the sufficiency of the evidence, upon the *Huntley* hearing and upon the trial, respecting the voluntariness of his confession. In his brief, he asserts, first, that he was "psychologically distraught and mentally sick when the incommunicado interrogation began at police headquarters" and, second, that "an attorney had contacted the police a day before and requested that he be notified when the defendant was picked up". There was a plenitude of medical and lay evidence as to defendant's condition, whether solely induced by excessive drinking or not, at, before and after the time of his arrest; and the jury was warranted in resolving the issues as it did. We are satisfied, as were the Judge presiding at the *Huntley* hearing and subsequently the jury, of defendant's informed and intelligent waiver and of the voluntary nature of his confession. The interrogating officers had no difficulty in communicating with defendant or defendant with them; he understood the *Miranda* warnings given him and, indeed, having been given them, declined to talk. Later, and after he had, at his own request, talked with his companion of the night before, he volunteered a statement, which was taken after he had again been advised of his rights. The defendant did not request the aid of the attorney alluded to or of any attorney and it is clear that the attorney named had not been retained to represent defendant upon this charge or any other; but, on the day before the commission of the offenses charged, at the instance of defendant's mother, the attorney had suggested that defendant be arrested on a charge of public intoxication to permit medical evaluation of his condition. He was not picked up on such a charge but when he later committed the acts here involved he was arrested upon a charge of felony and later in the same day was hospitalized " [b]ecause of his alcohol problem * * * his appearance, his condition", and after two days was discharged. There is some indication that the defendant was intoxicated or recovering from an intoxicated state at the time of his arrest, if not at the time of his interrogation, but the evidence is insufficient to conclude that he "was so intoxicated as to lack mental capacity" or that "he was unable to appreciate the nature and consequences of his statements." (*People* v. *Schompert*, 19 N Y 2d 300, 305.) We find appellant's additional assignments of error insubstantial. None are such as to require discussion. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur.